IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

KELLEY R. MOORE, )
)
        Plaintiff, )
)
vs. ) Case No. 11-4309-CV-C-ODS
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
        Defendant. )

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

    Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability and Supplemental Security Income benefits. The Commissioner's decision is affirmed.

    Plaintiff was born in January 1969, earned her GED, and has prior work experience as a cook. She alleges she became disabled on July 25, 2009, due to a combination of hypertension, depression, degenerative disc disease, osteoarthritis in both knees, and obesity. In terms of her physical condition, the ALJ found Plaintiff retained the residual functional capacity to perform sedentary work so long as she had the option to sit or stand at will. This aspect of the ALJ's decision is not challenged so there is no need to discuss it or the underlying facts further.

    With respect to Plaintiff's mental and emotional impairments, the Record reveals that Plaintiff began receiving treatment shortly after her alleged onset date. She sought treatment at Pathways Community Healthcare ("Pathways") in late October 2009, at which time she was diagnosed (by Dr. Ambreen Ahmed) as suffering from major depressive disorder, PTSD, and borderline personality disorder. Her GAF score was assessed at 57 with moderate symptoms, and she was prescribed medication. R. at 531-33. Her medications were adjusted in January and February 2010,and her condition improved as she had moved out of a shelter and into permanent housing. R. at 523-30. In April, Plaintiff reported that she was volunteering full-time at the Salvation

Army, and her GAF score was 68, and the therapist assigned to her by Pathways, Gary Lembke, wrote a rather positive note about Plaintiff's condition.  R. at 569-71.  In July, Plaintiff told Dr. Umonoibalo Ehimare that her condition had improved over the past year.  R. at 573-74.  In October, Plaintiff was still volunteering daily at the Salvation Army.  R. at 580.

Pathways' records reflect little change until approximately January 2011, when Plaintiff told Lembke that she was no longer volunteering and was staying at home, playing video games, and worrying about the upcoming administrative hearing in this case.  She also told Lembke that if she was awarded disability benefits she would resume working at the Salvation Army.  R. at 696.  However, on February 7 the community support specialist assigned by Pathways, Susan Hoellering, visited Plaintiff at the Salvation Army where she "volunteers . . . to prevent isolation and to help others."  R. at 699.  On February 23, she confirmed to Lembke that she was still volunteering at the Salvation Army.  R. at 701.  Plaintiff's ensuing appointments reflected her anxiety over the outcome of the hearing, financial and family matters, and other temporary stressors.  Nonetheless, on March 2, 2011, her GAF score was assessed at 60.  R. at 705.  Nothing in Pathways' record suggests Plaintiff was debilitated or unable to work.

On March 2, Lembke wrote a letter expressing his opinion that Plaintiff's "depressive symptoms and anxiety could prevent [her] from performing her work duties three or more days a month.  [Her] attendance is also dependant on some other unkown variables including, but not limited, [her] work schedule, the environment of employment and job duties.  I feel that if [she] were to be employed in a fast paced environment, she would not be able to keep up."  R. at 675.

At the hearing – which took place on February 23, 2011 – Plaintiff denied working at the Salvation Army.  She told the ALJ she tried to work there at Christmas but "it didn't work out."  R. at 44-45.  She also testified that she could not work because she could not concentrate, experienced mood swings, and had a hard time getting up every day.  R. at 38-40.  Hoellering also testified, but her testimony was limited.  She explained that she had been assigned to Plaintiff in January 2011 and had not brought her file, so she was not familiar with all the facts about her condition.  Hoellering

testimony was brief and consisted of relaying Plaintiff's report that some weeks she did not go to the Salvation Army because she was depressed and anxious and did not feel like getting out of bed or being around people. R. at 46-47.

The ALJ first found Plaintiff's mental impairments did not meet or equal Listing 12.04. He then considered the report of an examining consultant (Dr. Mark Altomari) and the testimony of an expert who summarized Plaintiff's medical records (Dr. Robert Borda) and Plaintiff's daily activities, and concluded Plaintiff was not as limited by her mental condition as she claimed at the hearing. R. at 26-28. He found Plaintiff's mental condition limited her to remembering, understanding, and carrying out simple instructions, performing simple tasks, and making simple work-related decisions. The combination of physical and mental impairments left her incapable of performing her past work as a cook, but based on a vocational expert's testimony the ALJ found Plaintiff could perform work as bench assembler, table worker, or document preparer.

The sole issue Plaintiff raises relates to Hoellering's testimony and Lembke's March 2 letter. Plaintiff contends the ALJ erred in failing to explain why he was not deferring to their opinions. The argument contains a false assumption: in truth, the law did not require the ALJ to defer to either person's opinion. While certain treating sources are entitled to deference in appropriate circumstances, therapists are not included in the definition of "treating sources." E.g., Lacroix v. Barnhart, 465 F.3d 881, 885-86 (8th Cir. 2006); Tindell v. Barnhart, 444 F.3d 1002, 1005 (8th Cir. 2006). The reasoning of these cases is simple: social security regulations define who is entitled to deference, and the omission of therapists from that list means therapists are not entitled to deference. This same reasoning applies to Hoellering: no regulation provides that opinions of community support specialists are entitled deference or great weight.

Plaintiff also faults the ALJ for failing to mention Hoellering's testimony. This argument has no impact on the ALJ's decision because Hoellering's testimony provided little value. She had been associated with Plaintiff for less than two months total, met Plaintiff on three occasions before the hearing (as ascertained by the records from Pathways, R. at 698-99, 703), and her brief testimony consisted almost entirely of statements Plaintiff made to her.

Plaintiff does not explicitly challenge the Commissioner's decision in any other

3

respect, but her arguments could be viewed as implicitly contending the decision is not supported by substantial evidence in the record as a whole. "[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010). The Court agrees with the ALJ's finding that Plaintiff volunteered at the Salvation Army, and this activity was inconsistent with the limitations she alleged in her testimony. The records from Pathways are also notable, mostly for their failure to corroborate Plaintiff's testimony or otherwise suggest she was limited to a degree greater than that found to exist by the ALJ.

     For these reasons, the Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED.

                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 22, 2013                      UNITED STATES DISTRICT COURT